UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.	**DECISION AND ORDER**
	14-CR-214S (14)

THOMAS HAKEEM,

                Defendant.

1.      Presently before this Court is Defendant Thomas Hakeem's motion to enforce his plea agreement. On October 5, 2015, Defendant appeared before this Court and pled guilty to violating 21 U.S.C. § 846 (conspiracy to possess with intent to distribute, and distribution of, cocaine base). The plea agreement reflects Defendant's understanding that the maximum penalty that could be imposed at sentencing includes a twenty-year term of imprisonment and a fine of $1,000,000. (Plea Agreement ¶ 1, Docket No. 156.) The agreement also includes a cooperation section, pursuant to which the Government agreed to make a motion at sentencing for a two level downward departure pursuant to § 5K1.1. However, if "the government believes the defendant has violated any of the conditions" of the cooperation agreement, including a requirement that Defendant not commit any further crimes prior to sentencing, then "the government . . . reserves the right . . . to modify any recommendation the government agreed to make in a motion pursuant to Guidelines§ 5K1.1." (Id. at ¶¶ 25-26.)

2.      On August 31, 2017, Defendant was arrested by the Lackawanna Police Department and charged with Assault in the Third Degree (a Class A Misdemeanor) and Harassment in the Second Degree – Physical Contact (a violation of Penal Code 240.26-

1

01). The arrest report from that date states that Defendant grabbed his ex-girlfriend by the neck and threw her to the ground, then threw her 82-year-old father to the ground when he tried to intercede. The ex-girlfriend was transported to the hospital by ambulance and both victims suffered minor injuries. On September 6, 2017, Defendant appeared before Magistrate Judge Schroeder who, based on this arrest, revoked Defendant's bail and remanded him to the custody of the U.S. Marshals Service. Two days later, on September 8, 2017, the Government filed a notice that it did not intend to make a motion for sentencing-related relief pursuant to Sentencing Guidelines § 5K1.1 and the terms of the plea agreement. (Docket No. 500.)

3. Defendant denies the allegations associated with the August 31, 2017 incident and states that the charges are still pending in the City of Lackawanna Court. He has moved this Court for an order compelling the Government to honor the plea agreement and for a pre-sentence hearing. (Docket No. 515.) "[T]he Government has broad discretion to judge whether a defendant violated the terms of such an agreement- and therefore to decide whether a defendant still merits a § 5K1.1 motion." United States v. Willis, 118 F. App'x 570, 572 (2d Cir. 2004). This Court applies a three-part procedure for review of the government's decision not to file a 5K motion. See United States v. John Doe, No. 10 CR 107(ILG), Mem. & Order at 2-3 (E.D.N.Y. July 23, 2013). First, the defendant must allege bad faith conduct by the government. Id. (citing United States v. Knights, 968 F.2d 1483, 1487 (2d Cir. 1992)). Then, "the government may rebut this allegation by explaining its reasons for refusing to depart," which may not include "pre-agreement circumstances as reasons for not moving." Id. (quoting Knights, 968 F.2d at 1487-88). Finally, "[i]f the government explains its reasons, the defendant must 'make a

showing of bad faith to trigger some form of hearing on that issue.'" Id. (quoting United States v. Imtiaz, 81 F.3d 262, 264 (2d Cir. 1996)). If the government has provided a neutral explanation for its denial, "[u]nless the government's reasons are wholly insufficient or unless the defendant's version of events, supported by at least some evidence, contradicts the government's explanation, no hearing is required." Imtiaz, 81 F.3d at 264.

4. Here, Defendant does not argue bad faith in the Government's decision not to file the motion, he simply denies the allegations in the arrest report. However, under Second Circuit precedent, the Government may rely on such an arrest report to support a good faith belief that a defendant committed a further crime in breach of his or her cooperation agreement. See United States v. Robinson, No. 08 CR. 976 (NRB), 2015 WL 8073757, at *4 (S.D.N.Y. Dec. 4, 2015) (citing Willis, 118 F. App'x at 572 (2d Cir. 2004) ("In the absence of any showing that the Government was acting in bad faith, the fact that [defendant] was arrested on charges of murder, abusing corpses, and credit card fraud provided sufficient justification for the Government to determine that [defendant] violated the terms of the agreement and, hence, for the Government's decision to withhold its § 5K1.1 motion."); United States v. Gregory, 245 F.3d 160, 164 (2d Cir. 2001) (endorsing the decision of the district court to allow the Government to revoke its cooperation agreement based on the Government's good-faith reliance on "the undisputed fact that [the defendant] was arrested as well as on information provided in the arrest warrant, warrant application, and related reports")). The Second Circuit has expressly rejected the argument that, because a defendant has yet to be convicted on such an arrest, that "the Government's efforts to withhold its § 5K1.1 motion [are]

3

premature." Willis, 118 F. App'x at 572.

5. Accordingly, because the Government has provided a neutral explanation for its decision not to file the § 5K1.1 motion that is supported by the arrest report, and because the Defendant has not rebutted that explanation with any allegation of bad faith, no hearing is required and sentencing will go forward as scheduled. See Imtiaz, 81 F.3d at 264.

IT HEREBY IS ORDERED, that Defendant Thomas Hakeem's motion to enforce his plea agreement (Docket No. 515) is DENIED;

FURTHER, that the Government's motion to file its response under seal (Docket No. 538) is GRANTED;

FURTHER, that sentencing will take place as scheduled on January 17, 2018 at 9:00 a.m.

SO ORDERED.

Dated: December 4, 2017
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge